**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

**Rutledge Deas,**

Plaintiff,

vs.

i. **JEFFREY MARTIN LANDRY,** Governor of Louisiana;

ii. **ELIZABETH BAKER MURRILL,** Attorney General of Louisiana;

iii. **LOUISIANA STATE POLICE;**

iv. **NICOLE RENE BARBE,** Louisiana State Police - Lieutenant, Criminal Investigations Division;

v. **LAFAYETTE LOUISIANA OFFICE OF PROBATION AND PAROLE,** Louisiana Department of Public Safety and Corrections;

vi. **JEFFERSON PARISH SHERIFF'S OFFICE;**

vii. **ORLEANS PARISH SHERIFF'S OFFICE;**

**Case No.:** 25-00916

SECT. J MAG. 2

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

viii. **KENNETH JAMES HAWTHORNE,** Retired Sergeant Louisiana State Police, Troop E;

ix. **BLAINE BENGE MONCRIEF,** Former Assistant District Attorney, Jefferson Parish;

x. **HONORABLE STEPHEN CHRISTOPHER GREFER,** 24th Judicial District Court for the parish of Jefferson – Division J;

xi. **PAUL DAVID CONNICK JR.,** Jefferson Parish District Attorney;

xii. **HONORABLE ARTHUR LEE HUNTER, JR.;**

xiii. **HONORABLE HUNTER PETER HARRIS, IV,** Former Orleans Criminal District Court Judge;

xiv. **CAROLYN LIVANOS CHKAUTOVICH,** Former Jefferson Parish Louisiana Assistant District Attorney, Current Employer: Saint Louis Circuit Attorney's Office,

xv. **Hon. Judge Delarge** (Named for Context Only; No Relief Sought) |

**Defendants.**

## I. INTRODUCTION

1. This civil action seeks redress for severe violations of fundamental constitutional rights inflicted upon Plaintiff Rutledge Deas ("Plaintiff") under the color of state law by the Defendants listed above. These Defendants, comprising state officials, law enforcement officers, and judicial figures within the State of Louisiana, engaged in conduct driven by profound conflicts of interest, systemic bias, and intentional misconduct.

2. The crux of this case lies in a pervasive abuse of power, particularly highlighted by the actions of Defendants Jeffrey Martin Landry, in his capacity as the Governor of Louisiana, and Elizabeth Baker Murrill, the Attorney General of Louisiana. Their collective actions perpetuated an environment where unconstitutional practices thrived, significantly impairing the Plaintiff's civil liberties.

3. Essential to the Plaintiff's wrongful conviction was a compromised investigation led by Defendant Nicole Rene Barbe, exacerbated by personal and familial biases—particularly, the involvement of Defendant Kenneth James Hawthorne, a relative of the alleged victim. This conflict of interest eroded the impartiality of the investigative and prosecutorial processes, undermining public trust and violating the Plaintiff's rights to a fair legal proceeding.

4. The Defendants orchestrated their actions to manipulate legal outcomes, suppress evidence, and exploit their authoritative positions, prolonging the Plaintiff's suffering and wrongful conviction through continuous legal and public manipulation. These actions underscore a flagrant disregard for the constitutional protections that should be afforded to all citizens.

5. This complaint articulates the necessity of federal intervention to rectify the injustices endured by the Plaintiff due to the unconstitutional acts perpetrated by the Defendants. These acts include personal vendettas, professional misconduct, and a comprehensive disregard for the Plaintiff's constitutional rights, which necessitate the invocation of this Court's jurisdiction under the Civil Rights Act, 42 U.S.C. § 1983.

6. By this complaint, Plaintiff seeks to not only hold accountable those who orchestrated and perpetuated these violations under the guise of legal authority but also to obtain comprehensive relief, including the vacating of wrongful convictions, and the restoration of his dignity and civil rights as mandated by justice and equity under U.S. law.

## II. JURISDICTION AND VENUE

7. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the claims involve significant violations of the United States Constitution and federal laws, specifically the Civil Rights Act, 42 U.S.C. § 1983. This statute provides a federal cause of action for the deprivation of rights protected by the U.S. Constitution or other federal laws.

8. Additionally, this Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367, as these claims are so intertwined with the federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

9. Venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1391(b). The claims arose in this district as many of the overt actions that constitute the alleged violations, including the biased investigations, wrongful convictions, and procedural misconduct, occurred here. Moreover, many of the Defendants, including high-ranking state officials and law enforcement officers, reside in this district or have strong professional and operational ties to this locale, making it a suitable venue for resolving the disputes detailed herein.

10. The actions under review involve public officials and state actors within the scope of their employment and authority, thus implicating specific statutes such as 42 U.S.C. § 1983 for civil rights violations and applicable state laws. Given the nature of the alleged constitutional violations, this district provides a crucial forum for addressing these grievances in a manner consistent with federal jurisdictional mandates.

11. The federal review is warranted due to the nature of the constitutional violations and the need for an unbiased and authoritative resolution that a federal court can provide. The issues at hand are deeply rooted in federal constitutional principles, including due process and equal protection rights, necessitating this Court's oversight and intervention to ensure justice and the proper application of the law.

## III. PARTIES

12. **Plaintiff, Rutledge Deas ("Deas")**, is a resident of Orleans Parish, Louisiana. Deas has suffered egregiously under the actions and conspiracies detailed herein, perpetrated by state officials acting under the color of state law. This includes the fundamentally flawed and biased investigation initiated by a state trooper closely related to an alleged victim, creating an irrefutable conflict of interest that violated Deas's right to due process and an impartial investigation.

13. **Defendant, Jeffrey Martin Landry ("Governor Landry")**, Governor of Louisiana, is sued in his official capacity. Service of process may be directed through the Attorney General of Louisiana, Liz Murrill at 8585 Archives Avenue, Baton Rouge, LA 70809. Governor Landry, previously the State Attorney General, oversaw actions and policies that perpetuated the constitutional violations against Plaintiff.

14. **Defendant, Elizabeth Baker Murrill ("Attorney General Murrill")**, Attorney General of Louisiana, is sued in her official capacity, with service of process to her office at 8585 Archives Avenue, Baton Rouge, LA 70809. Her office has been instrumental in maintaining the prosecutorial overreach and misconduct detailed herein.

15. **Defendant, Louisiana State Police**, is responsible for the conduct of its officers, including the biased investigation at issue. Service of process may be directed through the Attorney General of Louisiana, Liz Murrill at the same address above.

16. **Defendant, Nicole Rene Barbe ("Lieutenant Barbe")**, a lieutenant in the Criminal Investigations Division of the Louisiana State Police, played a significant role in the investigation. She can be served at 7919 Independence Blvd, Baton Rouge, LA 70806.

17. **Defendant, Lafayette Louisiana Office of Probation and Parole**, is part of the Louisiana Department of Public Safety and Corrections, involved in overseeing Plaintiff's wrongful parole conditions. Service of process may be directed through 8585 Archives Avenue, Baton Rouge, LA 70809.

18. **Defendant, Jefferson Parish Sheriff's Office**, responsible for enforcement actions pertinent to this case, can be served at 1233 Westbank Expressway, Harvey, LA 70058.

19. **Defendant, Orleans Parish Sheriff's Office**, also involved in enforcement actions relevant to this case, can be served at 2800 Perdido Street, New Orleans, LA 70119.

20. **Defendant, Kenneth James Hawthorne ("Sergeant Hawthorne")**, a retired sergeant from the Louisiana State Police, Troop E, directly involved in the investigation. He can be served at 1710 Odom Street, Alexandria, LA 71301.

21. **Judge Delarge**, a current judge of the Orleans Parish Criminal District Court, is named solely to preserve the completeness of the narrative and the judicial history surrounding Plaintiff's motions for relief. Although Judge Delarge was not involved in the original proceedings and is three judges removed from the initial rulings at issue, he is included here to support the context of judicial

awareness of the ongoing constitutional violations. Judge Delarge is not alleged to have committed any misconduct; to the contrary, he has demonstrated fairness and impartiality, and went above and beyond to assist Plaintiff within the ethical bounds of his position. No relief is sought against Judge Delarge individually.

22. **Defendant, Blaine Benge Moncrief**, a former Assistant District Attorney of Jefferson Parish who contributed to the prosecutorial misconduct in this case. He can be served at 1100 Poydras Street, Suite 3250, New Orleans, LA 70163.

23. **Defendant, The Honorable Stephen Christopher Grefer**, judge of the 24th Judicial District Court for the Parish of Jefferson – Division J, who presided over part of Plaintiff's proceedings. He can be served at 200 Derbigny Street, Suite 5200, Gretna, LA 70053.

24. **Defendant, Paul David Connick Jr. ("District Attorney Connick")**, Jefferson Parish District Attorney, whose office oversaw the wrongful prosecution of Plaintiff. He can be served at 200 Derbigny Street, Gretna, LA 70053.

25. **Defendant, The Honorable Arthur Lee Hunter, Jr.**, involved in judicial proceedings relevant to Plaintiff's case. He can be served at 1612 Mirabeau Avenue, New Orleans, LA 70122.

26. **Defendant, The Honorable Hunter Peter Harris, IV**, a former judge of the Orleans Criminal District Court, played a role in the legal proceedings against Plaintiff. He can be served at 2936 Maurepas Street, New Orleans, LA 70119.

27. **Defendant, Carolyn Livanos Chkautovich**, a former Assistant District Attorney in Jefferson Parish and a key figure in Plaintiff's prosecution, now employed at the Saint Louis Circuit Attorney's Office. She can be served at 1114 Market Street, Room 401, Saint Louis, MO 63101.

28. **All Defendants** are included in their respective capacities and are alleged to have individually and collectively contributed to the violations of Plaintiff's constitutional rights through their actions or inactions as detailed in this complaint.

## IV. STATEMENT OF FACTS

29. Plaintiff, Rutledge Deas ("Deas"), was initially arrested and wrongfully convicted based on the actions and decisions taken by state officials acting under the color of state law. These officials include Defendant Trooper Nicole Rene Barbe and Defendant Kenneth James Hawthorne, who initiated the arrest based on a personal vendetta rather than evidence of criminal activity.

30. The investigation into Deas was conducted by the Louisiana State Police, where Defendant Trooper Hawthorne, a relative of the alleged victim, was employed. This serious conflict of interest led to compromised decision-making at every level of the investigation, severely undermining the integrity and impartiality of the process.

31. Throughout the prosecutorial process, led by Defendants Blaine Benge Moncrief and Carolyn Livanos Chkautovich under the oversight of Defendant Paul David Connick Jr., critical evidence that could have demonstrated Deas's innocence was either ignored or manipulated to fit a false narrative of guilt. This included the

intentional misrepresentation of Deas's psychological condition and behaviors as evidence of criminal intent.

32. Expert testimony and psychological evaluations, crucial for clarifying Deas's mental state and the non-criminal nature of his actions, were systematically disregarded or misrepresented by the prosecution. Despite records indicating Deas's history of Dissociative Identity Disorder (DID), necessary medical evaluations were not provided, highlighting a disregard for standards of justice and medical ethics.

33. During the time of Deas's initial convictions, the current Governor, Defendant Jeffrey Martin Landry, was the Attorney General and had direct oversight of high-profile criminal cases, including that of Deas. His office was responsible for approving legal media releases that sensationalized the case against Deas, prejudicing public perception and the fairness of judicial proceedings.

34. Despite new evidence of innocence, there has been no corrective action or reevaluation of the case by Defendant Elizabeth Baker Murrill, the Attorney General, underscoring a systemic failure to protect the constitutional rights of the accused.

35. Despite filing a Motion for Post-Conviction Relief based on actual innocence and presenting new material evidence, there has been no action from the state court or the offices of the involved Defendants for over five months, indicative of a broader pattern of misconduct and deliberate indifference toward Deas's rights.

36. Upon being assigned to Plaintiff's post-conviction matter, Judge Delarge—three judges removed from the original rulings—demonstrated a clear understanding of the legal irregularities and constitutional implications in Plaintiff's case. Without violating ex parte rules, Judge Delarge acted judiciously and ethically in facilitating a consolidated hearing of Plaintiff's actual innocence motion, allowing it to proceed within a single jurisdiction. His actions, while limited to procedural judicial discretion, may reasonably be viewed as a tacit judicial acknowledgment of the validity and gravity of Plaintiff's claims, particularly the existence of a coordinated pattern of misconduct by other officials.

37. Plaintiff makes clear that Judge Delarge is not implicated in any wrongdoing; rather, his actions exemplify appropriate judicial conduct and concern for justice under the law. Plaintiff is deeply appreciative of the protection and fairness shown by Judge Delarge, including instances where such fairness likely shielded Plaintiff from further harm.

38. Deas has been subjected to ongoing threats and harassment by state officials, including those named as Defendants. These actions have endangered his safety and exacerbated his psychological distress.

39. The personal vendetta by Defendant Trooper Hawthorne has escalated to a systemic level, where other state officials have perpetuated the injustices initially instigated by Hawthorne.

40. The failure of state remedies to provide relief and the continued harm suffered by Deas due to state officials' actions demonstrate the futility of pursuing further state-level remedies.

41. Immediate federal intervention is warranted and necessary to prevent ongoing constitutional violations and to address the criminal liability and conflicts of interest arising from state officials' actions against Deas.

42. As a direct result of Defendants' actions and the constitutional violations detailed herein, Deas has suffered irreparable harm including prolonged wrongful incarceration, damage to his reputation, emotional and psychological trauma, and significant impediments to his social and professional rehabilitation.

43. The actions of Defendants have not only violated Deas's rights under the United States Constitution but have also undermined the integrity of the judicial system and public trust in law enforcement and prosecutorial processes.

44. The involvement of the alleged victim's father and the coordinated actions of state officials influenced every stage of the investigation and prosecution: from the decision on which leads to pursue, which evidence to prioritize, how to interpret that evidence, to whether to pursue charges. The need for recusal was clear, as ethical law enforcement practice dictates that recusal is necessary in situations where personal relationships could compromise objectivity.

## V. CAUSES OF ACTION

COUNT 1: DEPRIVATION OF RIGHTS UNDER 42 U.S.C. § 1983

45. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

46. 42 U.S.C. § 1983 provides that any person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

47. Defendants, at all times relevant to this action, acted under the color of state law by virtue of their positions as state troopers, district attorneys, law enforcement officers, and state officials, including Defendant Jeffrey Martin Landry in his capacity as the former Attorney General, and Defendant Elizabeth Baker Murrill, the Attorney General of Louisiana.

48. **Deprivation of Constitutional Rights**:

- **Due Process Violations**: Defendants, particularly Defendants Nicole Rene Barbe and Kenneth James Hawthorne, in coordination with state judicial figures, deprived Plaintiff of his right to due process under the Fourteenth Amendment. Their roles in the investigative and prosecutorial processes, influenced by personal and familial connections, represent a critical conflict of interest and a clear violation of procedural justice, thereby compromising the integrity of the entire judicial process.
- **Bias and Recusal**: Ethical standards necessitating recusal were grossly violated by Defendants, particularly by Trooper Hawthorne, leading to

biased decision-making and compromised investigative and prosecutorial actions. These actions directly influenced the prioritization of evidence, interpretation of facts, and the decision to pursue charges against Plaintiff.

- **Erosion of Due Process**: By allowing the department where the alleged victim's father, Trooper Hawthorne, was employed to handle the case, Defendants facilitated a tainted system where the investigation and prosecution were prejudiced from the outset, thereby eroding Plaintiff's right to due process.

49. Defendants' actions were driven by malicious intent, fabricated charges, and a blatant disregard for due process, thereby disqualifying them from asserting qualified immunity and good faith defenses. Their direct involvement in a conspiracy to violate Plaintiff's rights, as evidenced by coordinated misconduct across different jurisdictions, repeated procedural violations, and manipulation of evidence, further supports this assertion.

50. Given the systemic bias, ongoing nature of the violations, and the state's attempts to conceal misconduct, procedural defenses such as the statute of limitations and exhaustion of remedies are not applicable. The futility of pursuing state remedies is evident due to the conflicts of interest and the state's unwillingness to correct the misconduct.

51. As a direct and proximate result of Defendants' actions, Plaintiff has suffered extensive damages, including emotional distress, loss of liberty, damage to reputation, and other compensatory damages. These justify an award of both

compensatory and punitive damages for the willful, malicious, and egregious nature of Defendants' conduct.

## COUNT 2: CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS UNDER 42 U.S.C. § 1985

52. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

53. Under 42 U.S.C. § 1985(3), it is unlawful for two or more persons to conspire for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws.

54. Defendants, including high-ranking state officials such as Jeffrey Martin Landry, Governor of Louisiana, and Elizabeth Baker Murrill, Attorney General of Louisiana, as well as law enforcement officers from the Louisiana State Police and other involved entities, conspired among themselves and with others, including lower-ranking officials and judicial figures, to deprive Plaintiff of his constitutional rights as detailed in Count I of this Complaint.

55. **Objectives of the Conspiracy**:

- **Obstruction of Justice**: Engaging in the manipulation and fabrication of evidence to wrongfully convict the Plaintiff.
- **Preventing Fair Trial and Due Process**: Influencing judicial outcomes through biased investigations and prosecutorial processes led by

individuals with clear conflicts of interest. This includes actions by Defendant Trooper Nicole Rene Barbe and the undue influence exerted by Defendant Kenneth James Hawthorne, exploiting familial connections to manipulate legal proceedings.

- **Intimidation and Coercion**: Using excessive law enforcement measures, such as the deployment of SWAT teams and aggressive arrest tactics orchestrated by Defendants from the Lafayette Louisiana Office of Probation and Parole and Orleans Parish Sheriff's Office, to intimidate Plaintiff and manipulate legal outcomes.

56. **Overt Acts in Furtherance of the Conspiracy**:

- **Misuse of Official Power**: Defendants, including but not limited to Governor Landry and Attorney General Murrill, communicated amongst themselves and with other non-defendant co-conspirators to devise and enforce actions that unjustly led to Plaintiff's wrongful conviction.

- **Suppression and Destruction of Evidence**: Critical evidence related to Plaintiff's mental health was systematically suppressed or ignored, with medical evaluations necessary to demonstrate Plaintiff's lack of criminal intent due to his mental health condition deliberately not pursued.

- **Manipulating Legal Processes**: Defendants exerted undue influence over prosecutorial and judicial proceedings to ensure Plaintiff's conviction. This included the manipulation of Plaintiff's legal representation and the strategic release of prejudicial information to the media, designed to vilify Plaintiff and prejudice public and judicial perception before a fair trial could be conducted.

57. As a direct and proximate result of Defendants' conspiracy and actions, Plaintiff suffered severe deprivations of his constitutional rights, emotional distress, humiliation, loss of liberty, and extensive pecuniary and non-pecuniary damages.

COUNT 3: FAILURE TO PREVENT HARM UNDER 42 U.S.C. § 1986

58. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

59. Defendants, by virtue of their positions and authority within the state of Louisiana, including the Governor, Attorney General, senior law enforcement officers, and judicial officials, had a statutory duty under 42 U.S.C. § 1986 to prevent the wrongful acts described in this complaint. They were aware, or should have been aware, of the wrongful acts committed under 42 U.S.C. § 1985 by their subordinates and co-conspirators against the Plaintiff but failed to take any preventative action.

60. The defendants, particularly those in senior roles within state justice and law enforcement agencies such as the Louisiana State Police and the Jefferson Parish Sheriff's Office, were positioned to be aware of the imminent and ongoing violations of Plaintiff's constitutional rights. They had actual knowledge due to their direct involvement in the proceedings or through reports made within their respective departments detailing the misconduct.

61. **Opportunity to Prevent Harm**:

- **Conflict of Interest and Bias**: The involvement of Defendant Nicole Rene Barbe, with familial connections influencing the case, posed clear conflicts of interest, which should have been apparent to supervisory and oversight bodies within Louisiana's justice system. The necessity for her recusal and the appointment of an independent investigative body were evident to prevent bias and ensure impartiality.
- **Systemic Issues Raised**: Despite systemic issues highlighted by Plaintiff's situation and ongoing complaints, no measures were taken by any of the defendants, including Defendant Paul David Connick Jr., Jefferson Parish District Attorney, to rectify the situation. This inaction facilitated the continuation of the constitutional violations perpetrated against Plaintiff.

62. Each Defendant had the power and duty to act or influence the actions of those directly involved in the investigation and prosecution of Plaintiff. Their failure to act, despite knowledge of the probable consequences of the conflicts of interest and the compromised investigation, directly contributed to the deprivation of Plaintiff's rights.

63. **Resultant Harm**:

- **Erosion of Due Process**: By allowing the department, compromised by clear conflict of interest, to continue handling the case, the defendants effectively sanctioned violations of due process and impartial justice, which led to the continued legal and personal persecution of Plaintiff.
- **Continued Constitutional Violations**: The failure of Defendants, including the overarching influence of the Attorney General's office, to intervene in the face of these ongoing constitutional violations allowed

further harm to Plaintiff, including wrongful incarceration, loss of personal security and freedom, emotional distress, and other cumulative injuries.

64. As a result of the above actions and omissions, Defendants violated 42 U.S.C. § 1986 by failing to prevent the conspiracy and acts that deprived Plaintiff of his constitutional rights as previously detailed in this complaint. Plaintiff requests this court to hold Defendants accountable for their failure to prevent these violations and seeks all remedies available under the law, including compensatory and punitive damages, declaratory relief, and injunctive relief to prevent future occurrences of such failures in duty.

## COUNT 4: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

65. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

66. The actions of Defendants, particularly those of Defendant Nicole Rene Barbe and Defendant Kenneth James Hawthorne, who directly participated in the biased and compromised investigation, were extreme and outrageous. Their conduct exceeded all bounds of decency accepted in a civilized society.

67. Defendants acted with the intention of causing, or at the very least, recklessly disregarded the probability of causing, emotional distress to Plaintiff. The direct involvement of family members in the investigatory process, specifically the actions of Defendant Barbe influenced by her familial relationship, led to a prejudiced and partial investigation without any of the required recusals, exacerbating the distress inflicted on Plaintiff.

68. As a direct consequence of Defendants' actions, Plaintiff suffered severe emotional distress manifested as anxiety, depression, and sustained trauma. The distress was significantly intensified by the Defendants' malicious orchestration of the investigation process, which was deliberately skewed to fabricate guilt and systematically ignore or suppress exculpatory evidence.

69. The emotional distress experienced by Plaintiff was directly and proximately caused by the wrongful conduct of the Defendants, including high-ranking officials such as Defendants Jeffrey Martin Landry and Elizabeth Baker Murrill, whose oversight and sanctioning of the biased proceedings significantly contributed to the abuses suffered by Plaintiff.

70. Plaintiff seeks compensatory and punitive damages for the severe emotional distress caused by the Defendants' intentionally harmful actions. This includes the egregious breach of their duty to ensure a fair and impartial investigation and adjudication process. The conduct of the Defendants, particularly in positions of significant power and influence, underscores the necessity for punitive measures to deter similar future conduct and to underscore the gravity of their breaches of duty.

## COUNT 5: VIOLATION OF THE RIGHT TO DUE PROCESS UNDER THE FOURTEENTH AMENDMENT

71. Plaintiff reiterates and incorporates by reference all prior paragraphs of this Complaint as if fully set forth herein.

72. Defendants, through their actions and inactions, significantly deprived Plaintiff of his right to due process as guaranteed by the Fourteenth Amendment to the United States Constitution (U.S. Const. amend. XIV, § 1). This deprivation was manifested in the compromised investigation and subsequent legal proceedings that were critically influenced by the conflicts of interest and failure to act impartially by Defendants, particularly noted in the actions of Defendant Nicole Rene Barbe and the oversight by Defendant Jeffrey Martin Landry and Elizabeth Baker Murrill.

73. The systemic issues within the state's law enforcement and judicial departments, including evident conflicts of interest and a notable absence of recusal by those with personal connections, catalyzed a fundamentally flawed process. This severely prejudiced Plaintiff's ability to receive a fair and unbiased trial, violating basic tenets of procedural justice.

74. The integrity of the investigation and subsequent legal actions was deeply compromised by personal biases and procedural misconduct, including but not limited to the manipulation of evidence and suppression of critical medical evaluations by Defendants, which directly violated the procedural and substantive aspects of Plaintiff's due process rights.

75. Defendants systematically disregarded the procedural safeguards designed to protect against judicial and prosecutorial misconduct. The failure to conduct a neutral and detached investigation and the employment of biased prosecutorial tactics, as orchestrated by Defendants, including the former roles of Defendant Landry as Attorney General and the actions of Defendant Barbe, deprived Plaintiff of the fundamental fairness required by the Due Process Clause of the Fourteenth Amendment.

76. Plaintiff seeks declaratory relief, affirming that the actions of the Defendants constituted a breach of his constitutional rights under the Fourteenth Amendment. Plaintiff also requests injunctive relief to prevent further violations and to correct the systemic issues that led to these breaches. Additionally, compensatory and punitive damages are sought to redress the harms suffered by Plaintiff as a result of the Defendants' unconstitutional actions, emphasizing the need for corrective measures to restore justice and uphold the integrity of the legal system.

## COUNT 6: MALICIOUS PROSECUTION

77. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

78. Defendants, including state's attorneys and investigating officers such as Defendant Nicole Rene Barbe and oversight by Defendants Jeffrey Martin Landry and Elizabeth Baker Murrill, initiated and perpetuated judicial proceedings against Plaintiff without probable cause. These actions were heavily influenced by the egregious conflict of interest stemming from Defendant Kenneth James Hawthorne's relationship to the alleged victim, which critically undermined the objectivity of the prosecutorial process.

79. The prosecution was conducted with overt malice, aimed at securing a conviction in the absence of valid evidence. This was motivated by personal biases and a systemic disregard for the due process rights of the Plaintiff, evidenced by the non-recusal of involved parties with clear conflicts of interest.

80. There was no legitimate probable cause for initiating or continuing the prosecution of Plaintiff. Critical evidence was either manipulated or suppressed, and exculpatory evidence was intentionally overlooked to falsely establish Plaintiff's guilt, thereby violating fundamental principles of justice and legal integrity.

81. The proceedings were resolved in a manner that did not reflect Plaintiff's guilt but rather highlighted the absence of a factual basis for the initial charges. This resolution underscores the wrongful nature of the prosecution, rooted in biased investigations and malicious prosecutorial tactics directed by the Defendants.

82. As a direct consequence of the malicious prosecution, Plaintiff endured substantial harm, including reputational damage, severe emotional distress, financial losses, and significant disruptions to his personal and professional life. These damages necessitate comprehensive accountability and restitution from the Defendants.

83. The Defendants' actions, driven by malicious intent and lacking probable cause, constituted direct violations of Plaintiff's rights under the Fourth Amendment to the United States Constitution against unreasonable seizures, and the Fourteenth Amendment rights to due process and equal protection under the law.

## VI. LEGAL BASIS TO SEEK REMEDIES AGAINST DEFENDANTS

84. The plaintiff, Rutledge Deas, bases his claims for relief on the following legal grounds, supported by statutory and case law that underscore the serious nature of the defendants' actions and the applicable remedies under federal law:

a) **Deprivation of Rights Under 42 U.S.C. § 1983**:

- This statute provides the right to seek redress for any person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.
- Defendants, by virtue of their roles as state officials, law enforcement officers, and judicial figures, acted under color of state law to deprive the Plaintiff of his constitutional rights, notably the right to due process and equal protection under the Fourteenth Amendment.

b) **Conspiracy to Interfere with Civil Rights Under 42 U.S.C. § 1985(3)**:

- This provision addresses the issue where two or more persons in any State or Territory conspire for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws.
- The complaint alleges that the defendants conspired to influence the judicial process adversely against the Plaintiff, leading to a wrongful conviction facilitated by manipulated evidence and biased prosecutorial conduct.

c) **Failure to Prevent Harm Under 42 U.S.C. § 1986**:

- This statute provides that every person who, having knowledge that any of the wrongs conspired to be done and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses to do so, if such wrongful act be committed, shall be liable to the party injured.
- The complaint specifies that despite knowledge of the wrongful acts, the defendants failed to prevent the deprivation of the Plaintiff's rights, which were part of the actions under 42 U.S.C. § 1985.

d) **Intentional Infliction of Emotional Distress (IIED)**:

- The tort of IIED occurs when an individual conducts behavior that is so terrible and outrageous that it causes severe emotional distress to another person. Under the Restatement (Second) of Torts, individuals may be held liable for behavior that is extreme and outrageous, intending to cause, or recklessly disregarding the probability of causing, emotional distress.
- Given the allegations, the actions by the defendants, particularly the compromised investigation and prejudiced legal process, were directed intentionally or with reckless disregard to cause emotional distress to the Plaintiff.

e) **Violation of Due Process Under the Fourteenth Amendment**:

- The Fourteenth Amendment guarantees that no state shall deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.
- Defendants' actions, including the manipulation of the judicial process and the suppression of critical evidence, directly violated the procedural and substantive due process rights of the Plaintiff, necessitating both injunctive and declaratory relief.

f) **Malicious Prosecution**:

- Malicious prosecution is a common law intentional tort aimed at preventing and redressing wrongful criminal proceedings. This tort aligns closely with the protections under the Fourth Amendment against unreasonable seizures and the Fourteenth Amendment's guarantee of due process.
- The Plaintiff alleges that the defendants prosecuted him with malice, without probable cause, and the proceedings were terminated in a manner that was not indicative of the Plaintiff's guilt.

## VII. EXHAUSTION OF REMEDIES

85. Plaintiff Rutledge Deas reiterates and reincorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

86. Under normal circumstances, federal law requires that plaintiffs exhaust all available state judicial remedies before seeking federal relief under 42 U.S.C. § 1983. However, the law recognizes exceptions to this requirement in circumstances where state remedies are ineffective, unavailable, or futile.

87. **Claim of Futility**:

- **Conflict of Interest and Bias**: The profound conflict of interest inherent in the involvement of the alleged victim's father in the investigation severely compromised the integrity of the entire prosecutorial process. This blatant bias and the consequent erosion of due process render state remedies ineffective and futile.
- **Systemic Bias and Malicious Intent**: The systemic bias exhibited by state officials, including malicious intent, fabricated charges, and the manipulation of judicial processes, underscores the futility of pursuing remedies through state channels. The state actors, including the Governor and the ADA, acted not in good faith but with an intent to oppress and harm the Plaintiff.

88. **Inadequacy of State Remedies**:

- **Qualified Immunity and Good Faith Defenses**: Defendants may raise defenses such as qualified immunity and good faith, which are typically available to state officials. However, these defenses are invalid here due to the officials' participation in a conspiracy to violate constitutional rights and their egregious misconduct.
- **Statute of Limitations Concerns**: The ongoing nature of the violations and the state's continuous efforts to conceal misconduct extend the timeliness of federal intervention, as the statute of limitations does not shield ongoing wrongs.

89. **Evidence of State's Unwillingness to Rectify Misconduct**:

- **Failure to Address Medical Needs and Violations**: The state's disregard for Plaintiff's medical condition and its refusal to provide necessary evaluations and care, despite being fully aware of his mental health history, indicate a deliberate indifference to his rights and well-being.
- **Retaliation and Further Harm in Custody**: While in custody and during parole, Plaintiff faced conditions that amounted to cruel and unusual punishment, orchestrated by state officials who were aware of but indifferent to his suffering and rights.

90. Plaintiff has experienced direct threats to his safety and well-being, attributed to actions taken under color of state law. These threats and the ongoing harassment exacerbate the urgency for immediate federal review and relief, underscoring the impracticability and danger associated with pursuing further state remedies.

91. Jurisprudential precedents support the bypass of state remedies in situations where state actors are implicated in the alleged constitutional violations, and where such violations are ongoing. The Supreme Court has held that in circumstances where state remedy designs would inevitably expose plaintiffs to undue harm, or where the state system itself is an instrument of the infringement, exhaustion may be deemed unnecessary.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Rutledge Deas respectfully requests that this Honorable Court enter judgment in his favor and against the Defendants, and award the following relief:

i. **Declaratory Judgment**: Declare that the actions, omissions, customs, and policies of the Defendants violated Plaintiff's rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, and that said violations were willful, malicious, and conducted under color of state law.

ii. **Compensatory Damages**: Award Plaintiff compensatory damages in an amount to be determined at trial for the injuries suffered as a result of Defendants' unconstitutional conduct, including but not limited to:

   - Physical and emotional pain and suffering;
   - Loss of liberty;
   - Loss of reputation;
   - Psychological trauma;
   - Financial losses, including lost wages and costs associated with wrongful incarceration;
   - Damage to Plaintiff's future earning capacity;
   - Costs incurred due to the violation of his constitutional rights.

iii. **Punitive Damages**: Award punitive damages against each Defendant sued in his or her individual capacity, in an amount sufficient to punish them for their malicious and reckless disregard for Plaintiff's federally protected rights, and to deter such future misconduct.

iv. **Injunctive Relief**: Issue an injunction:

- Prohibiting Defendants from engaging in further unlawful and unconstitutional conduct;
- Requiring the State of Louisiana to implement appropriate procedures to ensure impartial investigations free from conflicts of interest, including mandatory recusals in cases involving familial relationships;
- Mandating systemic reforms in investigative, prosecutorial, and oversight procedures to protect the constitutional rights of future defendants.

v. **Expungement and Record Correction**: Order the expungement of all records relating to Plaintiff's wrongful arrests, convictions, and prosecutions resulting from the unconstitutional actions detailed herein, and restore all rights, privileges, and dignities unlawfully taken.

vi. **Restitution**: Award restitution to compensate Plaintiff for out-of-pocket losses, lost opportunities, and the deprivation of his civil rights.

vii. **Attorneys' Fees and Costs**: Award Plaintiff his reasonable litigation expenses, and court costs pursuant to 42 U.S.C. § 1988, and any other applicable laws, even though Plaintiff proceeds pro se, as the complexity and severity of Defendants' misconduct justify such relief in the interests of justice.

viii. **Independent Investigation and Oversight**: Order an independent investigation of the Louisiana law enforcement and prosecutorial entities involved in Plaintiff's case to:

- Examine the systemic failures that allowed these constitutional violations;
- Identify and correct corrupt practices;

- Establish independent oversight mechanisms to prevent recurrence.

ix. **Monitoring and Reporting Requirements**: Establish a judicially supervised compliance program requiring periodic public reporting to this Court regarding the measures taken by state and local agencies to ensure unbiased and lawful investigation and prosecution practices.

x. **Formal Apology**: Require a formal, public apology from the State of Louisiana and relevant state officials for the constitutional violations committed against Plaintiff.

xi. **Other and Further Relief**; Grant such other, further, or alternative relief as the Court deems just and proper under the circumstances to fully redress the wrongs suffered by Plaintiff and to serve the interests of justice, equity, and public trust in the legal system.

Plaintiff expressly disclaims any request for damages, injunctive relief, or other judicial sanction against Judge Delarge. He is named herein only to reflect the full procedural and factual context of Plaintiff's post-conviction filings and the judiciary's awareness of constitutional irregularities surrounding Plaintiff's case.

## IX. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all triable issues pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**DATED:** 05/10/2025

**Respectfully submitted,**

[signature]

**Rutledge Deas**

Address- 208 Grand Avenue Lafayette, La. 70503

Phone Number 337-849-5923

Plaintiff's Email pzpl629@gmail.com

*Pro Se*

## CERTIFICATE OF SERVICE

I, Rutledge Deas, hereby certify that on this day, I have electronically filed the foregoing document, titled "Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983," with the Clerk of the Court using the electronic filing system. I further certify that I have mailed by the United States Postal Service the document to the Defendants at their respective addresses as listed below:

1. **Jeffrey Martin Landry**, Governor of Louisiana

   Service of Process to go through:

   Attorney General of Louisiana – Liz Murrill

   8585 Archives Avenue

   Baton Rouge, LA 70809

2. **Elizabeth Baker Murrill**, Attorney General of Louisiana

   8585 Archives Avenue

   Baton Rouge, LA 70809

3. **Louisiana State Police**

   Service of Process to go through:

   Attorney General of Louisiana – Liz Murrill

8585 Archives Avenue

Baton Rouge, LA 70809

4. **Nicole Rene Barbe**, Louisiana State Police - Lieutenant, Criminal Investigations Division

   7919 Independence Blvd

   Baton Rouge, LA 70806

5. **Lafayette Louisiana Office of Probation and Parole**

   Through Louisiana Department of Public Safety and Corrections

   8585 Archives Avenue

   Baton Rouge, LA 70809

6. **Jefferson Parish Sheriff's Office**

   1233 Westbank Expressway

   Harvey, LA 70058

7. **Orleans Parish Sheriff's Office**

   2800 Perdido Street

   New Orleans, LA 70119

8. **Kenneth James Hawthorne**, Retired Sergeant Louisiana State Police, Troop E

   1710 Odom Street

   Alexandria, LA 71301

9. **Blaine Benge Moncrief**, Former Assistant District Attorney, Jefferson Parish

   Current Employer: Saint Louis Circuit Attorney's Office

   1114 Market Street, Room 401

   Saint Louis, MO 63101

10. **Honorable, Stephen Christopher Grefer**, 24th Judicial District Court for the parish of Jefferson – Division J
    200 Derbigny Street, Suite 5200
    Gretna, LA 70053

11. **Paul David Connick Jr.**, Jefferson Parish District Attorney
    200 Derbigny Street
    Gretna, LA 70053

12. **Honorable, Arthur Lee Hunter, Jr.**
    1612 Mirabeau Avenue
    New Orleans, LA 70122

13. **Honorable, Hunter Peter Harris, IV**, Former Orleans Criminal District Court Judge
    2936 Maurepas Street
    New Orleans, LA 70119

14. **Carolyn Livanos Chkautovich**, Former Jefferson Parish Louisiana Assistant District Attorney
    Current Employer: Saint Louis Circuit Attorney's Office
    1114 Market Street, Room 401
    Saint Louis, MO 63101

Addresses used for service are those on file with the court or obtained through direct inquiry to ensure correct and timely delivery.

**Rutledge Deas**
Address- 208 Grand Avenue, Lafayette La. 70503
Phone Number 337-849-5923

Plaintiff's Email- pzpl629@gmail.com

*Pro Se*

**eFile-ProSe**

**From:** Do Not Reply <do_not_reply@laed.uscourts.gov>
**Sent:** Saturday, May 10, 2025 5:18 PM
**To:** eFile-ProSe
**Subject:** New EDSS Filing Submitted
**Attachments:** Final Signed -Wet- 1983 Complaint (Mr. Deas) .pdf

Greetings Pro Se Desk,

A new EDSS filing has been submitted through the portal. The filing was submitted on Saturday, May 10, 2025 - 17:17.

The information for this submission is:

**Filer's Name:** Rutledge Holmes Deas IV

**Filer's Email:** rorydaigle1990@gmail.com

**Filer's Mailing Address:** 208 Grand Avenue, Lafayette Louisiana, 70503

**Filer's Phone Number:** 337-849-5923

**Filer's Case Number (If Known):**

**Filer's Case Name (If Known):**

**Submitted Document Description:** Complaint for Violation of Civil Rights under 42 U.S.C Section 1983