UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RUTLEDGE DEAS | CIVIL ACTION |
| VERSUS | NO: 25-916 |
| JEFFREY MARTIN LANDRY, GOVERNOR OF LOUISIANA ET AL. | SECTION: "J"(2) |

## ORDER AND REASONS

Before the Court are a *Motion to Dismiss Plaintiff's Complaint Against District Attorney Paul D. Connick, Jr. and Former Assistant District Attorneys Blaine Benge Moncrief and Carolyn Livanos Chkautovich* **(Rec. Doc. 23)**, filed by Defendants District Attorney Paul D. Connick, Jr. and former Assistant District Attorneys Blaine Benge Moncrief and Carolyn Livanos Chkautovich (collectively, "District Attorney Defendants"), and an opposition filed by Plaintiff Rutledge Deas (Rec. Doc. 29)[1]. Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

This litigation arises out of the prosecution and conviction of Plaintiff for a violation of Louisiana's human trafficking statute, Louisiana Revised Statute § 14:46.2. In December 2021, Plaintiff was arrested in Jefferson Parish, Louisiana and charged with a single count of human trafficking on or between December 4, 2021

---

[1] Plaintiff's opposition is addressed to District Attorney Defendants' Motion to Dismiss, as well as to motions to dismiss filed by other groups of defendants. (Rec. Docs. 26, 27, & 28).

1

and December 21, 2021. At the time of the arrest, Plaintiff was serving probation after pleading guilty in December 2020 to four counts of human trafficking, one count of possession of drug paraphernalia, and one count of possession of methamphetamine in Orleans Parish, Louisiana. On October 17, 2022, Plaintiff pled guilty to the Jefferson Parish charge and was sentenced to ten years imprisonment with nine years suspended and five years of active probation.

Over two years later, on May 10, 2025, Plaintiff filed this action, asserting various federal constitutional violations pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 and the Louisiana tort of intentional infliction of emotional distress against fourteen defendants allegedly involved in the Jefferson Parish case. Throughout his pro se Complaint, Plaintiff points to his Jefferson Parish prosecution and conviction as the basis for the constitutional violations. Specifically, Plaintiff contends that a family relationship between Louisiana State Police Officer Kenneth Hawthorne and the human trafficking victim biased the investigation, that evidence related to Plaintiff's mental health was ignored or misrepresented, and in sum, that he was wrongfully convicted. On the final point, Plaintiff submits he has filed a separate action for post-conviction relief based on new evidence proving his innocence. His Orleans Parish docket reflects a post-conviction application; his Jefferson Parish docket does not.

District Attorney Defendants now move to dismiss claims under multiple legal theories, including that Plaintiff's action is time-barred. Plaintiff opposes.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). When considering a pro se complaint, a court must liberally construe its contents. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citation omitted); *see also Johnson*, 999 F.2d at 100 (citing *Levitt v. University of Texas at El Paso,* 847 F.2d 221, 224 (5th Cir. 1988)) ("Even a liberally construed pro se civil rights complaint, however, must set forth facts giving rise to a claim on which relief may be granted.").

## DISCUSSION

When presented with multiple grounds for dismissal, a district court may exercise its discretion to choose consideration of the ground that promotes judicial

efficiency. *See Sangha v. Navig8 ShipManagement Priv. Ltd.*, 882 F.3d 96, 99–100 (5th Cir. 2018). Here, statute-of-limitations consideration promotes case resolution. Claims pursuant to 42 U.S.C. §§ 1981, 1983, and 1985 do not have a statutorily specified statute of limitations. For these federal claims, the statute-of-limitations period is borrowed from analogous state law. *Helton v. Clements*, 832 F.2d 332, 334 (5th Cir. 1987). Federal courts apply the statute of limitations for personal injuries of the forum state. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Before July 1, 2024, the limitation period for a Louisiana personal injury was one year. LA. CIV. CODE art. 3492 (2024) (setting a one-year limitation period for personal injury claims); *see also* LA. CIV. CODE art. 3493.1 (setting a prospective two-year limitation period). Federal law, however, governs when the limitation period begins, specifically commencing "when the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Redburn v. City of Victoria*, 898 F.3d 486, 496 (5th Cir. 2018) (quotation omitted).

Here, Plaintiff complains of the prosecution and his ultimate conviction in Jefferson Parish for one violation of Louisiana's human trafficking statute, Louisiana Revised Statute § 14:46.2. Liberally reading his pro se Complaint and drawing all reasonable inferences in Plaintiff's favor therefrom, this Court determines the latest Plaintiff could have been aware of his alleged injury was October 17, 2022. On that date, Plaintiff pled guilty to and was sentenced for the human trafficking charge. Plaintiff filed this action on May 10, 2025—nearly two-and-one-half years from the alleged injury. Thus, any possible claim Plaintiff could allege is facially time-barred.

Plaintiff's attempts to resuscitate his untimely claims are unavailing. First, he invokes the Continuing Violations Doctrine. In limited circumstances, the Fifth Circuit has applied the Continuing Violations Doctrine, permitting a plaintiff to "complain of otherwise time-barred discriminatory acts if it can be shown that the [injury] manifested itself over time, rather than in a series of discrete acts." *Frank v. Xerox Corp.*, 347 F.3d 130, 136 (5th Cir. 2003). In all situations, a plaintiff's awareness of injury is the threshold inquiry. As the Fifth Circuit has explained "awareness for accrual purposes does *not* mean actual knowledge; rather, all that must be shown is the existence of circumstances that would lead a reasonable person to investigate further." *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 762 (5th Cir. 2015) (citation cleaned up, quotation omitted). In his opposition, Plaintiff presents conclusory allegations—at times pursuant to unpled causes of action, such as violations of the Americans with Disability Act—that his action is "not merely [based on] alleged past injury but ongoing and recurring constitutional and statutory violations[.]" (Rec. Doc. 29 at 7). Plaintiff, however, provides only speculative assertions of ongoing constitutional violations. The Court cannot even observe allegations of continuing *consequences* from previous, alleged violations—which themselves would be insufficient to trigger the Continuing Violations Doctrine. *McGregor v. Louisiana State Univ. Bd. of Sup'rs*, 3 F.3d 850, 867 (5th Cir. 1993) (quoting *United Air Lines, Inc. v. Evans,* 431 U.S. 553, 558 (1977)) (cautioning application of the doctrine and instructing "the emphasis should not be placed on mere continuity . . . [but on] whether any present violation existed").

In his Complaint, Plaintiff contends that a family relationship between Louisiana State Police Officer Kenneth Hawthorne and the human trafficking victim biased the investigation, that evidence related to Plaintiff's mental health was ignored or misrepresented, and that he was wrongfully convicted. Plainly, the exceptional Continuing Violations Doctrine does not apply.

Plaintiff's other time-saving remedy, equitable tolling, likewise fails. The Continuing Violations Doctrine is a type of equitable tolling. *Texas v. United States*, 891 F.3d 553, 562 (5th Cir. 2018). For the broader category itself, however, the Fifth Circuit generally looks to state law for the tolling standard. *Bradley v. Sheriff's Dep't St. Landry Par.*, 958 F.3d 387, 393 (5th Cir. 2020). Louisiana courts assess tolling through *contra non valentem*, a doctrine that tolls the state's limitation or prescriptive period when a plaintiff is "effectually prevented from enforcing his rights for reasons external to his own will." *Id.* (quoting *Wimberly v. Gatch*, 635 So. 2d 206, 211 (La. 1994)). The Louisiana Supreme Court has recognized four appropriate instances for *contra non valentem*:

> (1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action;
>
> (2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting;
>
> (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; and
>
> (4) where the cause of action is not known or reasonably knowable by the plaintiff, even though this ignorance is not induced by the defendant.

*Carter v. Haygood*, 2004-0646 (La. 1/19/05), 892 So. 2d 1261, 1268. The fourth

instance is known as the "discovery rule," starting the clock on the prescriptive period from the time a plaintiff has actual or constructive knowledge of the injury. *See In re Moses*, 2000-2643 (La. 5/25/01), 788 So. 2d 1173, 1178 n.10. "Constructive knowledge is whatever notice is enough to excite attention and put the injured party on guard and call for inquiry." *Campo v. Correa*, 828 So. 2d 502, 510–11 (La. 2002).

Here, Plaintiff must show that his cause of action was not reasonably knowable or did not demand reasonable inquiry. *Terrebonne Par. Sch. Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 877 (5th Cir. 2002) ("[O]nce it is shown that more than a year has elapsed between the time of the tortious conduct and the filing of a tort suit, the burden shifts to the plaintiff to prove either suspension, interruption, or some exception to prescription, utilizing one of any number of legal constructs including but not limited to the doctrine of *contra non valentem* and the theory of continuing tort."). Without elaboration, Plaintiff contends in his opposition that his "compromised mental state, compounded by coercive treatment and retaliatory supervision," prevented earlier awareness of his cause of action. (Rec. Doc. 29 at 7). He additionally complains that unparticularized Defendants failed to inform him of "the legal consequences of his psychiatric institutionalization". *Id.* No matter his speculative and scattered accusations, whatever doubt Plaintiff might have had of those legal consequences was lifted on October 17, 2022, the date of his guilty plea and sentencing in Jefferson Parish. If nothing else, Plaintiff had constructive knowledge from that point of his asserted constitutional violations based on a biased the investigation which ignored, misrepresented, or manipulated for legal ends his

7

past mental health. Put another way, the time for any reasonable inquiry began then. *Contra non valentem* does not resuscitate the facially time-barred federal claims. Dismissal, therefore, is appropriate for not only the claims against District Attorney Defendants but also the Complaint itself.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that District Attorney Defendants' *Motion to Dismiss Plaintiff's Complaint Against District Attorney Paul D. Connick, Jr. and Former Assistant District Attorneys Blaine Benge Moncrief and Carolyn Livanos Chkautovich* **(Rec. Doc. 23)** is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that other pending motions to dismiss (Rec. Docs. 26, 27, 28, 30, & 31) are **DISMISSED as moot**.

New Orleans, Louisiana, this 6th day of August, 2025.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE